# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD MCNEILL, JR. and <br> RITA MCNEILL, h/w <br>     *Plaintiffs,* <br> <br>           v. <br> <br> WAL-MART and WAL-MART <br> STORES, INC. <br>     *Defendants.* | : <br><br><br> :      CIVIL ACTION <br> :      NO. 19-0843 <br><br> : |

## **MEMORANDUM**

**Jones, II    J.**                                                                                           **March 19, 2020**

### I.   Introduction

Plaintiffs Gerald and Rita McNeill commenced this action against Defendant Wal-Mart and Wal-Mart Stores, Inc. in the Philadelphia Court of Common Pleas on January 31, 2019. Defendants removed the case to federal court on February 27, 2019, at which time it was designated an arbitration matter and assigned to the docket of the Honorable Robert F. Kelly. On June 18, 2019, Plaintiffs' counsel was permitted to withdraw from the case, due to "irreconcilable differences" with his clients. A scheduling Order was issued by Judge Kelly and on November 15, 2019, the matter was reassigned to the undersigned. Fact discovery closed on January 17, 2020 and the period within which to conduct expert discovery ended on February 17, 2020. On February 28, 2020, Defendants filed the instant Motion for Summary Judgment. Plaintiffs have not responded. For the reasons set forth below, Defendants' Motion shall be granted.

## II. Background

The undisputed facts[1] are as follows:

Plaintiffs allege that Gerald McNeill, Jr., while a business invitee of Walmart, was injured on November 17, 2017 when "an unknown employee of Defendants Walmart and Stores, while pushing a metal shopping cart[,] failed to keep said cart under proper control and violently struck the Plaintiff with said cart . . . causing plaintiff to suffer serious and permanent injuries[.]" (SUF ¶ 3.) Plaintiffs further allege Walmart's negligent acts and/or omissions caused the incident to occur and caused Plaintiff Gerald McNeill to sustain the following injuries:

> Left trigger finger for which he was required to undergo major surgery in the form of left trigger finger release on September 7, 2018 at Einstein Medical Center; left fourth and fifth finger contracture; he was required to undergo injections in his left hand; he has suffered from severe pain and injury to his left hand; he has been required to undergo extensive physical therapy; he sustained further injury to the bones, muscles, nerves and ligaments of his body, the full extent of which have yet to be determined; he sustained other injuries to his nerves and nervous system; he sustained other orthopedic, neurologic and psychological injuries, the full extent of which has yet.to be determined; he has in the past been required and may in the future continue to be required to submit to x-rays, MRIs, and other diagnostic studies; he has in the past suffered and may in the future continue to suffer agonizing aches, pains, and mental anguish; he has in the past and may in the future continue to endure pain and suffering; he has in the past and may in the future continue be disabled from performing his usual duties, occupations and avocations, all to his great loss and detriment he has suffered a significant loss of life's pleasures; he has suffered from severe embarrassment and humiliation; he has incurred and will likely continue to incur medical bills.

(SUF ¶¶ 4, 6.)

As a result of the foregoing, Plaintiffs brought claims for negligence on behalf of Gerald McNeill, Jr. and loss of consortium on behalf of Rita McNeill. (SUF ¶ 7.)

---

[1] Defendants' Statement of Undisputed Facts (ECF No. 20-2) shall be referred to herein as "SUF."

On March 5, 2019, Walmart filed an Answer to Plaintiffs' Complaint denying all liability and asserting that no action or inaction of Walmart caused or contributed to the alleged damages of Plaintiffs. (SUF ¶ 9.) That same day, Walmart served Plaintiffs with Interrogatories and Request for Production of Documents to be answered within the time prescribed by the Federal Rules of Civil Procedure. (SUF ¶ 10.) On May 22, 2019, Walmart served Plaintiffs with a Notice to take their depositions on June 5, 2019. (SUF ¶ 11.) At Plaintiffs' counsel's request, the deposition of Plaintiffs was rescheduled from June 5, 2019 to June 21, 2019. (SUF ¶ 12.) On June 7, 2019, Walmart scheduled Plaintiff Gerald McNeil for a defense medical exam to occur on July 1,2019. (SUF ¶ 13.) However, prior to the completion of any depositions, Responses to Interrogatories, Request for Production of Documents, or defense medical examination, counsel for Plaintiffs filed a Motion to Withdraw as Counsel, which the Court granted on June 18, 2019. (SUF ¶ 14.) In the June 18, 2019 Order granting the Motion to Withdraw, the Court stated "Plaintiffs Gerald McNeill, Jr. and Rita E. McNeill, may have sixty (60) days from this date to obtain new counsel and no further action shall be taken by any party until sixty (60) days from this date or until new counsel has entered their appearance." (SUF ¶ 16.) On August 28, 2019, counsel for Defendants sent a certified letter to *pro se* Plaintiffs at the address identified on the Complaint and by Plaintiffs' former counsel's Motion to Withdraw, advising them that the Court-imposed stay had expired and that counsel would like to proceed with discovery. (SUF ¶ 17.) Also with this letter, counsel provided Plaintiffs with another copy of the Interrogatories and Request for Production of Documents (originally forwarded to them on March 5, 2019), and provided Plaintiffs with several dates in order to conduct their depositions in September or October of 2019. (SUF ¶ 18.) Finally, the letter contained a request by defense counsel for Plaintiffs to forward the subject letter and accompanying materials to any new attorney they

might have retained, in order to apprise said attorney of Walmart's requests in this matter. (SUF ¶ 19.) Plaintiffs received and signed for the August 28, 2019 letter on August 30, 2019. (SUF ¶ 20.) On October 1, 2019, counsel for Walmart forwarded a copy of the Court's scheduling Order to Plaintiffs, which they received and signed for on October 3, 2019. (SUF ¶ 21.) On October 8, 2019, after having received no response to discovery demands or requests for depositions, Walmart sent Plaintiffs Requests for Admission regarding the claims alleged in their Complaint. (SUF ¶ 22.) Said Requests, made pursuant to Federal Rule of Civil Procedure 36, specifically sought the following admissions from Plaintiffs:

- That Defendants did not cause, by any action or inaction, the injuries alleged in Paragraphs 11-13 of the Complaint;

- That Defendants did not cause, by any action or inaction, the injuries alleged in Paragraph 16 of the Complaint; and,

- That the "unknown employee" described in Paragraph 8 of the Complaint was not acting within the scope of his or her employment on November 17, 2017, when he or she allegedly struck Plaintiff Gerald McNeill, Jr. with a cart.

(SUF ¶ 23.)

Plaintiffs received and signed for Walmart's Requests for Admission on October 12, 2019. (SUF ¶ 24.) To date, Plaintiffs have not responded to these Requests. (SUF ¶ 25.) Pursuant to Federal Rule of Civil Procedure 36(a), Plaintiffs' failure to respond to Defendants' Requests for Admission constitutes an admission of the facts set forth therein. (SUF ¶¶ 26-28.)

In addition to their failure to respond to the Request for Admission, Plaintiffs failed to respond to any of Defendants' Interrogatories and Requests for Production of Documents, which were originally forwarded on March 5, 2019 and again on August 28, 2019. (SUF ¶ 29.) Additionally, Plaintiffs have failed to cooperate with or respond to Defendants' repeated attempts to conduct their depositions in this matter, as authorized by Rule 30. (SUF ¶ 30.)

4

Pursuant to Judge Kelly's September 18, 2019 Scheduling Order, all fact discovery and Plaintiffs' expert reports were due on January 17, 2020. (SUF ¶ 31.) To date, Plaintiffs have not produced any expert reports on liability or damages in this matter. (SUF ¶ 33.) In sum, Plaintiffs have done absolutely nothing to pursue their claims against Walmart. (SUF ¶¶ 32, 34.)

### III. Standard of Review

Federal Rule of Civil Procedure 56(a) requires a court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal citations and quotation marks omitted). Therefore, in order to defeat a motion for summary judgment, the non-movant must establish that the disputes are both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law; and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001) (quoting *Celotex*, 477 at 325). "[A] nonmoving party must adduce more than a mere scintilla of evidence in its favor

5

and cannot simply reassert factually unsupported allegations contained in its pleadings[.]" *Williams v. West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted). Accordingly, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## IV. Discussion

Defendants move for Summary Judgment on the bases of: (1) Plaintiffs' admissions that Defendants were not negligent and did not cause the damages alleged; (2) Plaintiffs' failure to produce any expert opinion to show the damages claimed were caused by the incident alleged in their Complaint; (3) Plaintiffs' failure to cooperate in fact discovery; and, (4) Plaintiffs' failure to provide any evidence of record to support their claims. (Br. Supp. Summ. J. 5-6.) Plaintiffs have not responded to the instant Motion.

### A. Failure to Respond to Motion for Summary Judgment

Pursuant to this Court's Policies and Procedures,

> The papers opposing a motion for summary judgment shall include a separate Statement of Undisputed and/or Disputed Material Facts that responds to the numbered paragraphs set forth in the moving party's Statement of Undisputed Material Facts, either admitting those facts are undisputed, or contending they are disputed and, as such, are genuine issues to be tried. The responding party may also set forth, in separate numbered paragraphs, any Additional Disputed Material Facts which the respondent contends preclude summary judgment.
>
> \* \* \* \*
>
> Without exception, all facts set forth shall be deemed admitted unless addressed by the opposing party as set forth herein.

*U.S. District Judge C. Darnell Jones, II's Policies and Procedures* (Rev. Dec. 2, 2016), Civ. Cases, § D (2),(4); *see also Liptok v. Bank of Am.*, 773 F. App'x 97, 101 (3d Cir. 2019) ("When a

party 'fails to properly address another party's assertion of fact,' a court may 'consider the fact undisputed for purposes of [a motion for summary judgment].") (quoting Fed. R. Civ. P. 56(e)).

In view of Plaintiffs' failure to respond to the instant Motion, the facts set forth by Defendants in their Statement of Undisputed Facts are deemed admitted. Accordingly, this Court shall next assess whether the admitted facts preclude a finding of negligence against Defendants.

### B. Negligence

To succeed on a negligence claim under Pennsylvania law, "the plaintiff must show that the defendant had a duty to conform to a certain standard of conduct; that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage." *Arrington v. AMTRAK,* 721 F. App'x 151, 155 (3d Cir. 2018) (quoting *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003)).

In this case, Plaintiffs have offered absolutely no facts of record to demonstrate Defendants committed any act of negligence against them. Instead, by reason of their failure to respond to Defendants' Requests for Admission, Plaintiffs have admitted that Defendants did *not* cause, by any action or inaction, the injuries alleged in the Complaint. (SUF ¶ 23); *see also Sec'y U.S. Dep't of Labor v. Kwasny,* 853 F.3d 87, 91 (3d Cir. 2017) ("Matters deemed admitted due to a party's failure to respond to requests for admission are conclusively established under Federal Rule of Civil Procedure 36(b)."); *Mina v. Hotel on the Cay Timesharing Ass'n*, 410 F. App'x 450, 452 (3d Cir. 2010) (concluding summary judgment was proper because "even had the [plaintiffs] provided specific facts beyond the statements in their pleadings, under Rule 36, [their] failure to respond to the [defendant's] requests for admission prevents them from contesting [the facts presented in those requests.]"); *Lantry v. Nieman,* Civil Action No. 91-7381, 1992 U.S. Dist. LEXIS 15608, at *5 (E.D. Pa. Sept. 16, 1992) (holding that failure to respond to

7

Requests for Admission under Rule 36 renders the facts set forth in those Requests "established" as a matter of law).

Accordingly, Plaintiffs herein cannot sustain their burden of establishing the breach of any duty by Defendants, or that said breach resulted in injury. Without satisfaction of these two elements, Plaintiffs' negligence claim necessarily fails.[2] Because Plaintiffs' negligence claim fails, their action cannot proceed and an assessment of Defendants' remaining arguments would be of no consequence to the court's ruling.

**V.     Conclusion**

For the reasons set forth hereinabove, Defendants' Motion for Summary Judgment shall be granted.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II     J.

---

[2]  Inasmuch as Plaintiffs have not shown any underlying negligence by Defendants, Mrs. McNeill's Loss of Consortium claim is rendered moot.